**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID ANDERSON, Lt. Col; et al., | No. 11-55169 |
| Plaintiffs - Appellants, | D.C. No. 8:10-cv-00031-JVS-MLG |
| v. | |
| CHRISTOPHER COX, an individual; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted December 4, 2012[**]
Pasadena, California

Before: PREGERSON, NOONAN, and PAEZ, Circuit Judges.

Plaintiffs-Appellants, shareholders of the de-registered public company

CMKM Diamonds, Inc. filed a First Amended Complaint asserting a takings and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

due process claims under the Fifth Amendment, and a declaratory relief claim against Defendants-Appellees, past and current SEC officials. Plaintiffs appeal the district court's grant of Defendants' motion to dismiss Plaintiffs' First Amended Complaint with prejudice. Plaintiffs contend they have adequately pleaded claims against Defendants in their individual capacities, and thus, do not appeal the district court's dismissal of Plaintiffs' claims against Defendants in their official capacities.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review *de novo*. *Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1388 (9th Cir. 1987). We affirm.

Plaintiffs fail to state claims against Defendants in their individual capacities for the following reasons. The district court properly dismissed Plaintiffs' takings and due process claims under the Fifth Amendment because Plaintiffs do not allege facts giving rise to a sufficient property interest. *See Peterson v. U.S. Dept. of Interior*, 899 F.2d 799, 807 (9th Cir. 1990) ("[T]he first step in both due process and taking[s] analyses is to determine whether there is a property right that is protected by the Constitution"); *Broad v. Sealaska Corp.*, 85 F.3d 422, 430 (9th Cir. 1996) (holding that shareholder plaintiffs did not have a sufficient proprietary interest in corporate equity to state a takings claim).

Plaintiffs' individual capacity claims fail for additional reasons. Assuming a *Bivens* action applies to a takings claim, Plaintiffs fail to state sufficient facts to establish that each official violated Plaintiffs' constitutional rights, as required for a *Bivens* action. *See Kwai Fun Wong v. United States*, 373 F.3d 952, 959, 966 (9th Cir. 2004) (holding that no *Bivens* action existed where plaintiff "fail[ed] to identify what role, if any, each individual defendant had in [the misconduct]"). Defendants are also entitled to qualified immunity because the right that Plaintiffs seek to protect was not clearly established at the time of the alleged misconduct. *Id.* at 976 (concluding that right was not clearly established because the Ninth Circuit and Supreme Court had never squarely addressed the alleged right).

Plaintiffs abandoned their declaratory relief claim on appeal by failing to challenge the district court's dismissal of this claim in their brief. *Fogel v. Collins*, 531 F.3d 824, 829 n.1 (9th Cir. 2008). Besides, Plaintiffs' declaratory relief claim was based on their Fifth Amendment claims and suffers from the same defects. *See Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1044 (9th Cir. 2010) (dismissing declaratory relief claims based on dismissed claims).

AFFIRMED.